IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIDELITY INFORMATION SERVICES, INC.,

    Plaintiff,

v.      CASE NO.: 3:07-cv-658-J-20HTS

SECURED FUNDING CORPORATION,

    Defendant.
_____/

## PLAINTIFF, FIDELITY INFORMATION SERVICES, INC.'S COMPLAINT

Plaintiff, Fidelity Information Services, Inc. ("Fidelity"), sues Defendant, Secured Funding Corporation ("SFC"), and alleges:

1. This is an action for breach of contract seeking damages that exceed seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

### Parties

2. Fidelity is a corporation organized under the laws of Arkansas with its principal place of business in Duval County, Florida. Fidelity provides banking, mortgage lending and servicing software, outsourcing and financial IT solutions.

3. Upon information and belief, SFC is a corporation organized under the laws of California with its principal place of business in Orange County, California. SFC provides mortgage and home equity loan services.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 USC §1332, as the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interests and costs and the parties are citizens of different states.

5. Personal jurisdiction is proper because all products and services provided under the agreement were performed at Fidelity's data processing center located at 601 Riverside Avenue, Jacksonville, Florida 32204.

## General Allegations

6. On or about July 31, 2006, Fidelity and SFC entered into a contract titled "Master Agreement No. 474-06M Between Fidelity Information Services, Inc. and Secured Funding Corporation (the "contract"). The contract provides that SFC will pay Fidelity for Fidelity's mortgage data processing services. A true and correct copy of the contract is attached hereto as **Exhibit A**.

7. The contract requires SFC to pay all fees due within 30 days of the date of Fidelity's invoice. The contract further requires a party defaulting on the terms of the contract to cure any defaults within 30 days of receiving written notice from the non-defaulting party.

8. Between December, 2006 and February, 2007, Fidelity performed services for SFC pursuant to the terms of the contract. Fidelity sent invoices for all work performed. True and correct copies of the invoices sent to SFC are attached hereto as composite **Exhibit B**.

9. SFC accepted Fidelity's services and never informed Fidelity of any problems with Fidelity's performance of their services.

10. SFC failed to pay the invoices as required by the contract. Accordingly, Fidelity provided SFC with written notice of their material default in a letter dated March 16, 2007. A true and correct copy of the March 16, 2007 letter is attached hereto as **Exhibit C**.

11. SFC did not cure its default within 30 days, as required by the contract. Therefore, SFC is in default of the contract.

12. As the result of SFC breaching the contract, Fidelity has suffered damages for the unpaid invoices and future revenues contemplated by the contract.

13. All conditions precedent to the institution, maintenance or conclusion of these actions have occurred, been performed, waived, or are otherwise excused.

WHEREFORE, Fidelity demands judgment against SFC for damages, attorneys' fees and costs, together with such other and further relief as this Court deems just and proper.

Respectfully submitted this 17th day of July, 2007.

McGUIREWOODS LLP

By _____
David M. Wells
Florida Bar No. 0309291
Eric C. Roberson
Florida Bar No. 0014649
50 N. Laura Street, Suite 3300

3

Jacksonville, Florida 32202
Telephone (904) 798-3200
Facsimile (904) 798-3207

Attorneys for Fidelity
Information Services, Inc.

\4650662.5